# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for Philip Ameris, and Paul V. Scabilloni, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, Western Pennsylvania Heavy & Highway Construction Advancement Fund, and the Laborers' District Council of Western Pennsylvania and its affiliated local unions,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>HENRY F. TEICHMANN, INC.,<br><br>　　　　　　　Defendant. | Civil Action No. 2:23-1538<br><br>Judge Cathy Bissoon |

## MEMORANDUM ORDER OF COURT

AND NOW, to wit, this <u>13th</u> day of <u>September</u>, 2024, upon consideration of Plaintiff's Motion for Default Judgment and Affidavit attached thereto (Doc. 8), it is hereby ORDERED, ADJUDGED, and DECREED that said Motion be, and hereby is GRANTED.

Plaintiffs have asserted claims under ERISA and the LMRA as set forth in the Complaint (Doc. 1), and, thus, the Court has subject matter jurisdiction under 28 U.S.C. § 1331. Proper service of the Complaint and Summons on Defendant was effectuated on August 28, 2023 (Doc. 5). Nevertheless, Defendant has failed to enter an appearance, respond to the Complaint or otherwise participate in this case in any fashion. At Plaintiffs' request, the Clerk of Court entered default on September 22, 2023 (Docs. 6, 7). After careful consideration, the Court finds that the factors favoring default judgment have been met, including that Plaintiffs

1

will continue to suffer prejudice absent a default judgment because, *inter alia*, any delinquent contributions from HFT may negatively impact the ability to pay beneficiaries of the Fund.  *See* Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir.2000) (listing factors); Fed. R. Civ. P. 55(b).

Accordingly, the Court now issues an injunction against Defendant HENRY F. TEICHMANN, INC, ("HFT" or "Defendant"), which is hereby:

a. permanently enjoined from violating the terms of the Independent Building Labor Agreement for 2015-2021 and the Independent Building Labor Agreement for 2022-2026 (collectively, the **"Agreements"),** and signed with the Laborers' Combined Funds of Western Pennsylvania ("Funds" or "Plaintiff'), HFT is further hereby directed to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to such Agreements and permanently enjoined from disposing of any of its assets until it has done so, and;

b. HFT is hereby required to file complete and accurate remittance reports with Plaintiff Funds covering all aspects of its business operations through the present, and;

c. HFT is hereby ORDERED to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by its covered employees through the present, in order to enable Plaintiff Funds to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiff Funds, and;

d. HFT is hereby required to comply with the findings of the resulting audit, including payment of any delinquent contributions that are determined by the audit to have been retained by the Defendant, in the sum of whatever delinquent principal amount Plaintiffs' audit determines is owed once it has concluded, plus such additional amounts shown to be owed to Plaintiff Funds until termination of this case, plus additional interest at the rate of one and one quarter percent (1.25%) per month; plus late charges/liquidated damages of ten percent (10%); plus attorney's fees of twenty percent (20%) of total amount due; plus costs of suit, and;

e. A Warrant of Attorney is hereby issued, providing Plaintiff Funds, in coordination with Plaintiffs' Counsel and one of Plaintiffs' auditors, with **the** authority to enter HFT's place of operations, as well as the power to compel HFT to provide any and all audit information and documentation which Plaintiff is

entitled to in order to complete its audit of HFT under the terms of the Agreements.

The Court will retain jurisdiction of the case until HFT has complied with the provisions of the instant injunctive Order for relief.  This Court will subsequently enter judgment for the Plaintiff Funds, if warranted, in an amount to be determined following Plaintiff Funds' completion of the aforementioned required audit of HFT.  A separate Order of Default Judgment incorporating the terms of this Memorandum Order will be entered by the Court in accordance with Rule 58 of the Federal Rules of Civil Procedure.

Date: September 13, 2024                               s/Cathy Bissoon
                                                      Hon. Cathy Bissoon
                                                      United States District Judge

cc:  All counsel of record (via ECF)